IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTONIO A. GARCIA, § § § **Plaintiff,** § § v. § § UNKNOWN STAFF, DIRECTOR FNU § PARKER, U S GOVERNMENT, § DISTRICT COURT OF GUADELUPE § COUNTY TEXAS, TEXAS § GOVERNMENT, § § **Defendants.** | CIVIL ACTION NO. 6:23-CV-00585-JDK |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On November 16, 2023, Plaintiff Antonio Garcia, an inmate currently confined at the Texas Department of Criminal Justice (TDCJ) Coffield Unit, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the action. (Doc. No. 2.)

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain

language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

### A. Plaintiff's Complaints

In his original complaint, Plaintiff stated that he was intending to file a civil and criminal complaint related to the grievance process, for which he attaches Step 1 and Step 2 grievance

2

forms. (Doc. No. 1, 1-1.) Plaintiff alleges that TDCJ processed his initial grievance without sending it to Step 2. (Doc. No. 1, at 1.) Plaintiff's Step 1 grievance makes a sexual harassment claim against Director G. Parker and staff. (Doc. No. 1-1, at 1.) Plaintiff's allegations further include his Step 2 grievance which indicates that he received a response stating that his claim was "out of time." (Doc. No. 1-1, at 3.) The court reviewed these pleadings pursuant to 28 U.S.C. § 1915A, explained to Plaintiff that his factual allegations in his original pleading were insufficient to state a claim for relief, specifically identified the deficiencies of those claims, and provided Plaintiff an opportunity to amend. (Doc. No. 5.) On February 14, 2024, Plaintiff filed an amended complaint. (Doc. No. 10.)

In his amended complaint, Plaintiff states that he is now suing the U.S. Government. (Doc. No. 10, at 2–3.) Plaintiff states that he is suing the U.S. Government for allowing the agency to abuse applicable laws to operate, creating abusive policies, and for "multiple criminal acts." *Id.* at 3. Specifically, Plaintiff states that the U.S. Government has allowed TDCJ to operate and commit criminal acts. *Id.* at 4. Plaintiff's allegations seem to suggest that TDCJ, its director, and the U.S. government are involved in a conspiracy to create a culture of inappropriate sexual behavior in prison to get inmates pregnant to receive federal funding. *Id.* Plaintiff alleges a hostile environment exists in "laundry" and "food service" and implicates Mr. Parker as an actor who engaged in inappropriate sexual behavior. *Id.*

Plaintiff attaches several pages to his complaint further explaining his allegations. (Doc. No. 10-1, Doc. No. 10-2.) Plaintiff states that he objects to the court's order to amend but that he is complying with it. (Doc. No. 10-1, at 1.) He states that he discovered an interview with Director G. Parker and another inmate wherein Mr. Parker made an inappropriate sexual gesture at the camera. *Id.* at 2. Plaintiff seems to suggest that this video has been edited to cover it up. *Id.* Plaintiff

3

states that he filed a grievance related to this and noted that his constitutional rights were violated by "cruel and unusual punishment" for viewing the video after intentional placement, creating policies that allow prison workers to engage in wrongful acts, creating a harmful environment in laundry and food service, and denial of "due process" for denial of grievance processing. *Id.* at 2–3. Plaintiff then cites to a number of Texas statutes and TDCJ policies. *Id.* at 4–5. It is unclear from the submissions what, if any, relation this discussion has to do with any constitutional claim Plaintiff intends to assert in this case other than referencing his liberty interest in the grievance procedure. *Id.* at 5. Lastly, Plaintiff clarifies what he meant by "hostile environments" in "laundry" and "food service" by stating that other inmates feeding him is a problem and suggesting that inmates are given materials to burn in their laundry. *Id.* at 6. Lastly, Plaintiff suggests that by ordering him to amend his complaint the court has suppressed his rights and he requests that the undersigned be removed from further rulings in this case without review of a district judge. (Doc. No. 10-2, at 3.)

### B. Discussion

Even construing the allegations liberally, Plaintiff's complaints fail to state a claim. In order to state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed.R.Civ.P. 8. Plaintiff must meet the Rule 8 requirements, and he must do so with particularity, providing sufficient facts supporting his allegations. *See Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8). Allegations that are implausible and unsupported by facts or evidence are insufficient to state a claim. *Id.* Plaintiff's complaints assert a variety of conclusory, fanciful, and difficult to follow

allegations against Defendants, which are further discussed herein. (Doc. No. 1, Doc. No. 10.) Despite the court's explicit instructions to provide the factual details regarding when and how his constitutional rights were allegedly violated, Plaintiff has failed to meet the pleading standards required by Rule 8 and failed to allege a factual basis for which the named Defendants could be sued pursuant to § 1983. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted).

To the extent that Plaintiff intends to sue the U.S. Government on an agency theory related to TDCJ, TDCJ is an instrumentality of the State of Texas, not of the United States. *Aguilar v. Texas Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Moreover, to the extent that Plaintiff intends to assert a conspiracy claim against the U.S. Government related to federal funding, Plaintiff's allegations are not only factually insufficient, but delusional. Although unclear, the court understands that Plaintiff intends to allege that TDCJ, its director, and the U.S. Government conspired to violate the constitutional rights of inmates by getting them pregnant to receive federal funds. (Doc. No. 10, at 1.) As an initial matter, such a claim fails to state a violation of Plaintiff's constitutional rights who is not alleged to be pregnant, nor alleged to have ever been pregnant. Moreover, even if Plaintiff's allegations could be construed liberally as anything other than delusional, Plaintiff has failed to allege any agreement existed between Defendants to commit an illegal act. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (under § 1983, a claim for conspiracy must allege (1) an agreement between private and public defendants to commit an illegal act, and (2) a constitutional deprivation). Finally, to the extent that Plaintiff still intends to pursue a criminal complaint in this matter based upon these allegations, as was previously

5

explained to Plaintiff, "a private citizen cannot enforce criminal statutes in a civil action." *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007); *Ali v. Hoke*, No. 9:06cv230, 2007 WL 1655915, *7 (E.D. Tex. 2007) (holding that the plaintiff could not bring a pro se civil action for a criminal charge of official oppression as only prosecutors can initiate criminal complaints except where the statute expressly provides).

To the extent that Plaintiff is attempting to bring claims against TDCJ as an instrumentality of the State of Texas, or against the director in his official capacity, the State of Texas is immune from suit under Section 1983. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Texas has not waived its immunity by consenting to suit, and Congress did not abrogate the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Further, again although not entirely clear, Plaintiff asserts that his constitutional right to be free of cruel and unusual punishment was violated by having a video showing a sexually aggressive gesture presented to him. (Doc. No. 10-1, at 2.) The Supreme Court has held that "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (internal quotations omitted). Only "extreme deprivations" satisfy this standard. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998).

6

The prison condition in question must "be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (quotation marks and footnote omitted). When evaluating an alleged Eighth Amendment violation, "the length of confinement cannot be ignored. . . . A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978). Here, Plaintiff's allegation that he seemingly, of his own volition, watched a video that showed a sexually explicit gesture fails to even approach the level of deprivation required to call into question the constitutionality of it. Furthermore, the Prison Litigation Reform Act "prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged." *Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 605 (5th Cir. 2008); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff does not allege that he suffered any injury from any of the past "inhumane" conditions about which he complains. Therefore, Plaintiff's request for monetary damages related to any such claim (Doc. No. 10, at 4) is legally frivolous and should be dismissed.

Plaintiff's allegations regarding a "hostile environment" regarding burn materials in laundry service and ambiguous food service claims are also frivolous in this regard. As discussed, the factual allegations are woefully deficient and Plaintiff has not alleged any physical injury that he has incurred from these alleged conditions or that he faces a substantial risk of serious harm. *See Flores v. TDCJ Transitional Plan. Dep't S. Region Inst. Div.*, No. 2:14-CV-283, 2015 WL 3727833, at *7 (S.D. Tex. June 15, 2015), report and recommendation adopted as modified sub nom. *Flores v. TDCJ Transitional Plan. Depart. S. Region Inst. Div.*, No. 2:14-CV-283, 2015 WL

7

5554630 (S.D. Tex. Sept. 21, 2015) (dismissing claim because " Plaintiff admitted that he did not suffer any illness or harm as a consequence of the mold or bacteria . . . and the mere possibility of contracting an unknown illness does not state an Eighth Amendment claim "); *Holder v. Hebert*, No. CIV.A. 07-1206, 2007 WL 4299996, at *3 (W.D. La. Nov. 8, 2007) (finding that prisoner's claim for damages failed as a matter of law where he his alleged injury from exposure to mold and leaks from the roof and broken pipes did "not rise to the level of constitutional significance").

Plaintiff also complains that his Step 2 grievance was never processed by TDCJ, or otherwise handled improperly. (Doc. No. 10-1, at 5.) But as was previously explained to Plaintiff in the court's order to amend, an inmate does not have a constitutional right to a grievance procedure. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). Further, as previously explained, there is no federally protected liberty interest in having grievances resolved to an inmate's satisfaction. *See Geiger*, 404 F.3d at 374 (because "[plaintiff] does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction ... any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Plaintiff's attenuated allegations regarding how his grievance was processed therefore do not state a claim for a due process violation.

Lastly, to the extent Plaintiff demands that the Magistrate Judge play no role in this case, he lacks any legal basis for such relief. Pursuant to the Federal Magistrate Act of 1979 and the standard practice of this court, this action was automatically referred to the undersigned Magistrate Judge as authorized by 28 U.S.C. § 636(b)(1). That statute gives this court the authority to refer any non-dispositive, pretrial matter to the Magistrate Judge for determination and to designate a Magistrate Judge to conduct hearings and to submit proposed findings of fact and

recommendations for the disposition of a matter to the District Judge. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No consent from the parties is required for such referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section."). Thus, to the extent Plaintiff seeks revocation of the referral of pretrial matters and recommendations under Section 636(b), he does not have the right to interfere with this court's statutory authority to delegate those responsibilities to the Magistrate Judge under that statute. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (referring to referrals under Section 636(b) as "nonconsensual referrals"); *Jackson*, 864 F.2d at 1242 (holding that "[n]o such consent is required" for referrals under Section 636(b)); *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984) (explaining that Section 636(b)(1) "allows a district court to refer to a magistrate without consent of the parties"). The screening of pleadings pursuant to 28 U.S.C. § 1915A for proposed findings of fact and recommendations is well within the statutory authority granted.

### C. Conclusion

Having conducted screening pursuant to § 1915A, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff has already been given an opportunity to amend and has pleaded his "best case," any further amendment would be futile. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The dismissal of this action on these recommendations counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

Accordingly, it is **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to 28 U.S.C. §1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 25th day of March, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE