IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO A. GARCIA, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:23-cv-585-JDK-JDL |
| UNKNOWN STAFF, et al., | § | |
| Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Antonio Garcia, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On March 25, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Docket No. 18. Plaintiff objected. Docket No. 21.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff first objects to having a magistrate judge assigned to this case. Docket No. 18 at 1. The Court referred this case to U.S. Magistrate Judge Love pursuant to 28 U.S.C. § 636(b)(1), and Judge Love conducted an initial screening of the pleadings pursuant to 28 U.S.C. § 1915A. The Federal Magistrate Act of 1979 provides the authority for the district court to refer any non-dispositive, pretrial matter to a magistrate judge for determination and to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition of a matter to the district judge. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The consent of the parties is not required for such referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section."); *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (referring to referrals under Section 636(b) as "nonconsensual referrals"); *Jackson*, 864 F.2d at 1242 (holding that "[n]o such consent is required" for referrals under Section 636(b)); *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984) (explaining that Section 636(b)(1) "allows a district court to refer to a magistrate without consent of the parties"). The screening of pleadings pursuant to 28 U.S.C. § 1915A and submitting proposed findings of fact and recommendations based on that screening is well within the statutory authority of a magistrate judge. Accordingly, Plaintiff's objection on this point is overruled.

Plaintiff next objects to the Report's characterization of his pleadings and states that the director of food services and laundry committed a criminal act on a

recorded interview that was published for all inmates to view. Docket. No. 21 at 2. Plaintiff loosely refers to a TDCJ policy regarding women and children and creating a facility for getting women pregnant while in prison. *Id.* Plaintiff states that he filed grievances on these claims, but that they were unprocessed as out of time. *Id.*

Plaintiff's factual allegations simply do not state a claim and appear to be the product of delusion. The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under § 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). Plaintiff's allegations that a state facility exists for the purposes of getting incarcerated women pregnant lacks an arguable basis in fact. Plaintiff's loose allegations regarding a sexually explicit video published to all inmates similarly lacks an arguable basis in fact and fails to state a claim.

Moreover, to the extent that Plaintiff is asserting a claim regarding how his grievances were handled with respect to his assertion of these claims, an inmate does not have a constitutional right to a grievance procedure. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). And there is no federally protected liberty interest in having grievances resolved to an inmate's satisfaction. *See Geiger*, 404 F.3d at 374 (because "[plaintiff] does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction . . . any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Having reviewed the pleadings, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff further objects to the dismissal of his case without first ruling on his numerous motions filed in this case. Docket No. 21 at 3. But 28 U.S.C. § 1915A imposes a threshold screening responsibility on the Court, expressly stating that "the court *shall* review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prison seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added). As such, the Court is under no obligation to rule on any of Plaintiff's pending motions before the screening of his complaint under § 1915A. Further, even considering Plaintiff's numerous filed motions (Docket Nos. 3, 4, 8, 11, 12, 13, 14, 15, 16, 17, 19), none of the allegations therein give merit to any asserted claim. As such, Plaintiff's allegations remain subject to dismissal.

4

Last, Plaintiff appears to object to an order issued in a separate case creating a new cause, Case No. 6:23-cv-614. Docket No. 21 at 3. No such order was issued in this case, and nothing in Plaintiff's objections indicate that the complained-of action was related to this case. As such, any objection based upon action taken in another case is not properly before the Court.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 18) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of this action counts as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

So **ORDERED** and **SIGNED** this **25th** day of **April, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE